## Haupt *et al. versus* Henninger.

*Admissibility of Depositions in other Suits between same Parties.*

1. At common law a deposition taken in one suit and offered in another is admissible, if the matters in issue are the same, and the party against whom the deposition is offered had full power to cross-examine. Complete mutuality is not required.

2. Depositions are regarded as secondary evidence, but may be read when duly taken, if the witness be dead or out of the jurisdiction of the court.

3. In Pennsylvania, under the Act of 24th of March 1814, depositions are admissible in a subsequent cause pending between the same parties or their privies only, where the same matter is in dispute.

4. Depositions taken on a rule to show cause why a judgment should be opened are competent evidence, on the trial of an issue directed by the court, to determine the validity of the judgment.

ERROR to the Court of Common Pleas of *Northumberland county.*

This was a feigned issue, awarded by the Common Pleas of Northumberland county, to try the validity of a judgment in favour of Peter Henninger, for the use of B. & F. J. Schoch, *v.* Daniel Haupt, Daniel Long, and John Long.

On the 26th of November 1857, a judgment was entered on the records of the Common Pleas, to November Term 1857, No. 183, in favour of Peter Henninger, against Daniel Haupt, Daniel Long, and John Long, for $801.56, which, on the 17th of December 1857, was transferred to B. & F. J. Schoch. On the 3d of February 1858, a *fi. fa.* was issued thereon for the use of the assignees. On the 23d of February 1858, two of the defendants applied to Judge Jordan to stay the writ until April Term 1858, which application, after the adjournment, was continued until the first day of next term. The *fi. fa.* had been stayed in the meanwhile by the plaintiffs' attorney.

On the 16th of March 1858, the attorney for the defendants entered an *ex parte* rule, under the caption of the *fi. fa.*, to take the depositions of witnesses, "to be read in argument on the

[Haupt *et al. v.* Henninger.]

trial of the above cause." To April Term of 1858, a rule was granted to show cause why the judgment should not be opened, and the defendants let into defence, which rule, it was averred, was later, in point of time, than the rule to take depositions.

Under this rule, the testimony of Charles Henninger and John Sleigh was taken,—*S. A. Boyer* appearing for defendants, and *A. C. Simson* for plaintiffs.

These depositions were read on the argument of the rule, on which the court opened the judgment, and directed an issue between the parties, to determine the matter in controversy.

On the trial of this issue, after the plaintiff had closed, the defendant offered to read the depositions of Charles Henninger and John Sleigh (who, it was admitted, were dead). To this the plaintiff objected, because the depositions were taken on a rule to show cause why the judgment should not be opened, and not for the trial of the issue. The court sustained the objection, and rejected the depositions. A verdict was then rendered in favour of the plaintiff, and judgment being entered thereon, the defendants sued out this writ, and assigned for error, the "refusal of the court below to permit the defendants to read the depositions of Charles Henninger and John Sleigh, on the trial of the feigned issue : it being admitted that both of the witnesses were deceased.

*Comley, Rockefellow,* and *Boyer,* for plaintiffs in error, who were defendants below, argued that the depositions were admissible ; the testimony was most important ; and, the witnesses being deceased, they were the best evidence that could be produced. The witnesses were cross-examined by the other party : 1 Greenleaf, § 553 ; Stiles *v.* Bradford, 4 Rawle 394 ; 1 Starkie 261 ; Hobart *v.* McCoy, 3 Barr 419.

*A. C. Simson* and *J. B. Packer,* for defendants in error, contended that the rule to take depositions was irregular under the rules of the court. There was no "rule to show cause" pending when it was. entered.

Even if regular, the depositions were taken to be used in the *argument* only, which, as there was no rule to show cause pending, must have meant the application to stay the writ. If the plaintiff had supposed they were to be used in every subsequent stage of the proceedings, he would have conducted the cross-examination differently : Stiles *v.* Bradford, 4 Rawle 394, and Hobart *v.* McCoy, 3 Barr 419, do not sustain the position taken by the other side, while the cases of Montgomery *v.* Snodgrass, 2 Yeates 230, 315, and Staret *v.* Chambers, 2 Yeates 232 (in note), are adverse to it.

The opinion of the Court was delivered, October 17th 1860, by

WOODWARD, J.—At common law, it is generally deemed sufficient for the admissibility of depositions taken in one suit and offered in another, that the matters in issue were the same in both cases, and the party against whom the deposition was offered had full power to cross-examine the witness. Complete mutuality or identity of all the parties is not required: 1 Greenleaf's Evidence, § 553. Our Act of Assembly of 28th March 1814, Purdon 325, provides that "any deposition taken or to be taken in any cause which, by the rules of law, may be read in evidence on the trial of the cause in which it is or may be taken, shall be allowed to be read in evidence in any subsequent cause wherein the same matter shall be in dispute between the said parties or persons, their heirs, executors, administrators, or assigns; provided that such deposition shall be admitted in such subsequent cause, under the same rules and restrictions as if it had been offered to be read on the trial of the original cause."

By the rules of law, depositions are regarded as secondary evidence, but may be read, when duly taken, if the witness be dead or out of the jurisdiction of the court; and, under our statute, they are admissible in a subsequent cause, only where the same subject-matter is in dispute, and where there is identity of parties, not in name but in interest.

Were the depositions of Charles Henninger and John Sleigh admissible in this case? They were taken on a rule to show cause why a judgment of Peter Henninger against the plaintiffs in error should not be opened; taken after notice, and on full cross-examination by counsel for Henninger.

The defendants in that judgment, now plaintiffs in error, finding a judgment entered of record against them, and an execution in the sheriff's hands, applied to Judge Jordan, at chambers, in vacation, and set out in writing, under oath, the circumstances under which the note was obtained from them, whereon the judgment had been entered. They alleged a gross fraud to have been perpetrated by the plaintiff. The application was made to the judge on the 23d of February 1858, and he endorsed on the petition a postponement of the hearing to the 27th of the same month, and directed notice to be given to the plaintiffs' attorney. On the 27th, counsel for both parties appeared, and the "further hearing" was postponed until 16th March. On the 16th of March, "hearing continued until the first day of next term." The depositions were taken on the 29th of March 1858. Then the record informs us that at "April Term, 1858, rule to show cause why judgment should not be opened and defendants let into a defence. April 13th 1858, court let defendants into a defence under the judgment," and

directed a feigned issue to be formed "to determine the matter in dispute."

These depositions were read on the hearing of the matter, and were doubtless the evidence on which the court proceeded in directing the feigned issue; but before that issue came to trial, both witnesses died. When they were offered in evidence on that trial, they were objected to, "because they were taken on a rule to show cause why the judgment should not be opened, and not to be read on this issue."

The rejection of the depositions under that objection, is the error assigned. It is to be observed that the parties to this issue are identically the same parties that were before the judge. And the matter in dispute is the same. There it was the alleged fraud in procuring the judgment, and in court the feigned issue was formed to try that fraud, and nothing else. But not only are the parties and the subject-matter the same, but it is all one and the same case. The judge was appealed to to exercise a chancery jurisdiction over a judgment at law, and the depositions were the proofs on which he was asked to act. To inform his conscience as to what ought to be done in the premises, he directed this issue to be tried. Shall it be said that this makes two suits? Not so. But they are rather different stages in the same suit. True, the depositions were taken to convince the judge, and they were offered in evidence to convince the jury as well as the judge; but this is not a ground of rejection either at common law or under our statute.

But it is said in argument that the depositions were taken before the rule to show cause was granted. Considering the terms in which they were objected to, above quoted from the bill of exceptions, to wit, "because taken on a rule to show cause," &c., this argument is scarcely admissible. To have had the benefit of such an objection on the trial ought to exclude all advantages of the inconsistent argument here. But there is nothing in it. The statute does not mention a pending *rule*, but a "cause" pending as ground for taking depositions. Now this word cause has a very large signification. It means a suit, action, or legal process, according to Worcester. A contested question before a court of justice, a suit or action, according to Bouvier.

If it could be said that Judge Jordan had not jurisdiction of the subject-matter—that all that was done up to the 13th of April was *coram non judice*—there would be reason in the objection that is now urged; but that is not pretended, and cannot be said. If a bill in equity be dismissed as being in its substance unfit for a decree, the depositions when offered as secondary evidence in another suit will not on that account be rejected. But if it is dismissed for irregularity, so that in truth there was never regu-

[Haupt *et al. v.* Henninger.]

larly any such cause in court, and consequently no proofs, the depositions cannot be read : 1 Greenleaf, § 552. The first branch of this equity rule is much larger than is necessary to cover our case, for here there was no dismissal of the bill, but a proceeding with it to a final result, and the witnesses having died during its progress, the depositions were competent at every stage of it, as *primâ facie* proof whilst the case was before the chancellor, as secondary when he sent it to the jury.

We hold that a cause was pending from the 23d of February 1858. Judge Jordan had jurisdiction of the judgment and of the execution process issued upon it. He might relieve the defendants by setting aside the execution, and by enjoining temporarily against farther process. Or he might institute an investigation into the truth of the *primâ facie* case spread before him, with a view to granting a rule to open the judgment. For either of these purposes he would need proof of the facts relied on, and the depositions were well taken to supply that proof.

And of what consequence is it that his proceedings, which seem to have been very regular, were not docketed, and the petition of the defendants in the judgment filed ? In many counties the proceedings of judges at chambers are never docketed, and clerks often fail to mark office papers filed. Such accidents must not be permitted to impair the rights of parties, for they do not touch the substantial merits of the case. These depositions are none the less evidence because of such official delinquencies. On the death of the witnesses, they became competent evidence in any subsequent stage of the cause, or in any subsequent cause between the same parties or their privies where the same matter should be in dispute. The reason why the deposition was not admitted in Styles *v.* Bradford, 4 Rawle 394, was because the witness was alive and in court.

The rules of court have nothing to do with the question before us. They were designed to facilitate the taking of depositions in the cases they provide for, and to secure to parties the right of cross-examination, which was fully enjoyed in this case. They do not affect to alter the law of evidence, and they would be void in so far as they should attempt it.

Another objection to the depositions is, that the rule and notice under which they were taken said they were to be taken " to be read in argument on the trial of the above-stated cause," and therefore, counsel reason, they were not to be read to the jury. This is excessively astute.·

We should not be willing to deprive parties on such ground of testimony taken fairly in a pending cause. Doubtless the immediate object of the depositions was the argument before the judge, but being taken regularly in a pending cause, they were

[Haupt *et al. v.* Henninger.]

secondary evidence in that cause before whatever tribunal it might come, subject always to the ordinary rules of relevancy.

The judgment is reversed, and a *venire facias de novo* is awarded.