## Worthington v. Levis.

*Mortgage—Judgment—Opening judgment—Evidence—Intervening creditor.*

Where judgment has been entered in foreclosure proceedings in favor of the use-plaintiff, the assignee of the mortgage, for want of an affidavit of defense, and subsequently an owner of a judgment against the mortgagor, junior to the mortgage, presents a petition to open the judgment alleging that the mortgage had been fraudulently made, and the use-plaintiff files an answer averring that he was not conversant with the facts, but not denying them, and at the trial of the issue the defendant merely offers the petition and the answer to establish the fraud on the ground that the answer did not deny the allegations of fraud in the petition, the trial court commits no error in sustaining an objection to the admission of these papers.

In such a case the fact that the record was not amended so as to make the use-plaintiff a party, until after the judgment was opened, is immaterial.

Argued Nov. 10, 1916. Appeal, No. 233, Oct. T., 1916, by George Wright, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1913, No. 820, on verdict for plaintiff in case of Henry E. Worthington, Mtge., to the use of William H. Good v. William Levis, Mtgr. and Real Owner, and George Wright, Intervening defendant. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Issue to determine the validity of a judgment entered for want of an affidavit of defense on a scire facias sur mortgage. Before FERGUSON, J.

146 WORTHINGTON *v.* LEVIS.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,457.17. George Wright, intervening defendant, appealed.

*Error assigned* was in refusing to admit in evidence the petition and answer on the rule to open, and in refusing binding instructions for the intervening defendant.

*L. W. Baxter,* for appellant.—It was error to exclude the petition and answer: Haupt v. Henninger, 37 Pa. 138; Evans v. Reed, 78 Pa. 415; Eckman v. Eckman, 68 Pa. 460; Graham's Est., 12 D. R. 415; Com. v. Monongahela Bridge Co., 216 Pa. 108; Spang v. Mattes, 253 Pa. 101; Levy v. Gilligan, 244 Pa. 272; Selig v. Rehfuss, 195 Pa. 200; Stewart v. Gleason, 23 Pa. Superior Ct. 325.

The judgment itself was void, having been entered without authority of law, and the amendment of the record was error: Delp v. Pfarr, 20 D. R. 134; Citizens Nat. Bank v. Hileman, 233 Pa. 432; Long v. Lemoyne Boro., 222 Pa. 311; Noble v. Thompson Oil Co., 79 Pa. 354; Crutcher v. Com., 6 Wharton 340; Duffy v. Houtz, 105 Pa. 96; Nevil v. Heinke, 22 Pa. Superior Ct. 614; Reis v. McDevitt, 219 Pa. 414.

*J. H. Grater,* for appellee, cited: Whitehead v. North H. School District, 145 Pa. 418.

Opinion by Trexler, J., March 13, 1917:

William Levis gave a mortgage to Henry E. Worthington. A scire facias was issued and judgment entered for want of an affidavit of defense. The petition of George Wright, intervening defendant, was then presented to the court to open the judgment. The court made the rule absolute. On the trial of the issue William H. Good, who had become the owner of the mortgage by assignment, offered the mortgage, bond and assignment in evidence. The defendant offered nothing

by way of a defense except that he sought to introduce the petition that had been presented to the court in the proceedings looking to the opening of the judgment and the answer to the petition as proof of the fact that the mortgage was fraudulent and void as to creditors. The basis of his offer was that the answer to the petition filed by Good did not contain any denial of the allegations of fraud contained in the petition. The court sustained the objection to the admission of these papers and this is the principal matter submitted for our consideration.

When the preliminary inquiry was under way, the failure of the plaintiff to deny the allegation set forth in the petition to open judgment permitted the court to take the facts alleged in the petition as verity. The sole question before the court was whether the judgment should be opened and the defendant allowed to present his side of the case to a jury. Good, being the equitable plaintiff, was not in a position to deny the existence of facts with which he was not conversant. His position might be expressed thus: "As I do not know, I cannot deny." The assumption of the verity of the declarations in the petition arise not from any admission made by Good but under a provision established by a rule of court. When the matter came to trial before the jury, having offered the mortgage in evidence, he submitted a prima facie case. It then became the duty of the defendant to show the fraud alleged. The learned judge in disposing of the rule to open the judgment in his opinion properly defines the status of the parties. "The important question for determination at the trial is whether or not the mortgage was a voluntary one and without consideration" and further on, "If however there is proof that it was a voluntary mortgage and its existence was unknown to him the burden still rests on the petitioner (the defendant) to show that there was an intent to hinder, delay and defraud creditors including himself." Had there been an affirmative admission on the part of

the owner of the mortgage, the question presented would be entirely different. The cases cited by the appellant do not present the same question as the one we are considering. In Haupt v. Henninger, 37 Pa. 138, it was held that depositions taken under a rule to show cause why a judgment should not be opened are competent evidence on the trial of an issue directed by the court to determine the validity of the judgment. In that case the depositions were regarded as secondary evidence but were admissible when the witness was dead or out of the jurisdiction of the court. They had been taken subject to the opportunity of cross-examination. Evans v. Reed, 78 Pa. 415, was also a case where the deposition of a party who had died was admitted. The same may be said of the other cases cited by the defendant. There is a very evident distinction between admitting the answer to a rule to prove an implied admission under a rule of court and the testimony of witnesses obtained under a rule to take depositions. We think the court was clearly right in excluding the testimony.

Objection is made that under the Act of April 22, 1863, P. L. 567, the assignee of a mortgage had no right to prosecute the scire facias to judgment, he not having made application to the court as provided by this act for an amendment of the record so as to make him the proper plaintiff and that therefore the judgment entered by default was absolutely void and should have been stricken from the record. The answer to this is that the petition of the defendant was to open the judgment and that after the judgment was opened, the court allowed the amendment in conformity to the act above referred to and Good became the use-plaintiff and that the matter now is in strict conformity to said act and the verdict rendered by the jury and the subsequent judgment thereon are therefore not subject to any attack on these grounds.

The remaining assignment of error is that the simple proof of the bond, mortgage and assignment was not sufficient to constitute a prima facie case. This hardly

145, (1917).]          Opinion of the Court.

merits consideration. The mortgage was the act of the mortgagor. Its execution was not disputed. It was therefore prima facie evidence that the amount claimed was due and owing. There was no dispute as to the amount due under its terms. That it was fraudulently given was a matter for the defendant to prove.

The assignments of error are overruled. Judgment affirmed.