LESLEY E. WESTON, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY, Appellant.

It is the duty of a railroad corporation to remove snow and ice from a platform over which it is necessary for passengers to pass in order to reach its cars ; or to take precautions by covering it with ashes or other substance, to protect passengers passing over it from danger to which otherwise they would be exposed.

This duty is not performed simply by appointing servants, whose duty it is to keep the platform in a safe condition ; nor is it any excuse that they neglected their duty.

A passenger has the right to assume that the corporation has performed its duty, and that the platform is safe. His going upon it in order to reach the cars is not, therefore, of itself, contributory negligence.

(Argued March 18, 1878; decided March 26, 1878.)

THIS was an action to recover damages for injuries sustained by falling upon an uncovered platform between a waiting-room, on defendant's road, and its cars, over which it was

necessary for passengers to pass to reach the cars ; which platform plaintiff alleged defendant had negligently suffered to become covered with snow and ice, rendering passage over it insecure and dangerous.

Plaintiff's evidence tended to show that during the day, and before the accident in question happened, it had snowed, and the snow had been but partially removed from the platform ; the surface was lumpy and uneven, and ice had formed upon it, rendering the footing unsafe and dangerous. Plaintiff, with other persons, when the cars reached the station, passed out of the waiting-room on to the platform to reach the cars, when he found the platform icy and slippery. According to his testimony he proceeded with caution, but was unable to keep his footing, slipped and fell, receiving the injury complained of. The evidence showed that other persons at the same time also slipped. Defendant's counsel moved for a nonsuit, which was denied, and said counsel excepted. The court charged "that the defendant was bound to be on the alert during cold weather, and to see whether there was ice upon the platform, and to remove or make it safe by sanding it or putting ashes upon it, or in some other manner." This was excepted to. The court had charged "that the defendant was not bound to keep its platform in such a condition that it would have been impossible for any passenger to slip, but in such a condition that a person using ordinary care, which people use when not apprised of danger, would not slip." *Held*, that the rule stated by the court, as applied to the case, was proper, and not too stringent ; and that the evidence justified the submission to the jury of the questions of negligence and contributory negligence ; that the condition of the platform was at all times within the notice of defendant and its servants, and there was no difficulty in making it safe.

Defendant's counsel requested the court to charge, among other things, "that if defendant did what ordinary care and prudence require of any individual over whose premises the public are permitted to go, it is not liable." The court refused so to charge. . *Held*, no error ; that the degree of

care imposed upon defendant in respect to passengers was quite different from that imposed upon one who simply permits the public, by a bare license, to go upon his premises, of which distinction the request took no notice.

*Dudley Field* for appellant.

*I. T. Williams* for respondent.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.