Statement of Facts.

## JOHN FEARN v. WEST JERSEY FERRY CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued January 14, 1891—Decided October 5, 1891.
[To be reported.]

(*a*) A husband and wife, entering a ferry boat, both fell upon the deck
by reason of its slippery condition, caused by a snow-storm in progress
at the time, and were injured. The husband brought trespass for neg-
ligence against the company, but before trial died, when his wife as his
administratrix was substituted:

1. On the trial, the husband's deposition, read in evidence on the prior
trial of a like action brought by the husband and wife, in right of the
wife, to recover for the injuries received by the wife at the same time
and from the same cause, was inadmissible on behalf of the plaintiff.

2. The joinder of the husband and wife in the prior action was merely
formal. It was the wife's cause that was litigated, though involving
the same ground of complaint, to wit, the alleged negligence of the de-
fendant; and there was not the identity of interest to render a depo-
sition in one case admissible in the other: § 9, act of May 23, 1887, P.
L. 161.

3. The plaintiff's case not suggesting any defect in the construction of the
boat, and not showing an accumulation of ice or snow on the deck,
formed or left there from a prior rain- or snow-fall, but merely a slip-
pery condition thereof caused by the existing storm, no negligence on
the part of the defendant was disclosed: Neslie v. Railway Co., 113 Pa.
300, distinguished.

4. The cause of the accident was as well known to the plaintiff as to the
company. In such cases, the presumption of negligence arising from
the mere fact that one is injured while a passenger in the care of a car-
rier company, has no application: Hayman v. Railroad Co., 118 Pa.
508; Farley v. Traction Co., 132 Pa. 58.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCollum and MITCHELL, JJ.

No. 243 January Term 1890, Sup. Ct.; court below, No. 699
December Term 1887, C. P. No. 1.

On January 13, 1888, John Fearn brought trespass against
the West Jersey Ferry Company, to recover damages for in-
juries charged to the negligence of defendant company. The

Statement of Facts.

plaintiff died on July 4, 1888, and on August 9th, Amelia Ann Fearn, his widow and administratrix, was substituted. Issue.

At the trial, on April 5, 1889, the plaintiff introduced testimony to the effect that on February 10, 1883, the plaintiff, John Fearn, and his wife, Amelia Ann Fearn, were on their way from Washington City to New York, and about nine o'clock P. M. went from the Broad-Street railroad-station to the defendant company's ferry at the foot of Market street, Philadelphia, to take the boat to Camden, N. J., tied up at the slip. It was then snowing. The snow had been swept off the boardwalk, in front of the ferry house, when the plaintiff and his wife were admitted to the boat, but the passage-way on the deck leading to the ladies' cabin was covered with snow to the depth of from one quarter to one half an inch, and the floor was slippery underneath. On their way to the ladies' cabin, the plaintiff preceding his wife and carrying a "cabas"* and a galvanic battery, both fell and were injured. The plaintiff fell upon his stomach across a cleat fastened to the floor near the deck railing. The condition of the deck at the time of the injury, as shown by the testimony of the administratrix and her son, is fully stated in the opinion of the Supreme Court. For his injuries thus received, the plaintiff was under treatment until the time of his death on July 4, 1888.

On June 1, 1883, suit was brought in the Court of Common Pleas No. 3 by the husband and wife, in right of the wife, against the defendant company, to recover damages for the injuries the wife received at the same time the husband was injured. That cause was afterwards transferred to and tried in the Circuit Court of the United States for the Eastern District of Pennsylvania.

Plaintiff offered in evidence "the deposition of John Fearn, the plaintiff in this case, taken in the suit, John Fearn and Amelia Ann Fearn, his wife, to the use of said Amelia Ann Fearn v. West Jersey Ferry Company, (No. 87 October Term 1883, Circuit Court United States, Eastern District of Pennsylvania, removed by defendant from Common Pleas No. 3, Philadelphia, No. 299 June Term 1883), brought to recover

---

* Pronounced, Kaba; Pr. F. for a large round basket woven of rushes or palm leaves.

Arguments.

for the injuries to the wife received on the same occasion and at the same time ; before Henry J. Smith, Esq., Notary Public, on the twenty-ninth of September, 1884, under rule, etc. (Richard C. Dale, Esq., being present representing defendant and cross-examining), and filed therein ; to show the condition of the boat, the state of the weather and the circumstances of the accident."

To which offer, the counsel for the defendant objected, the said deposition appearing to have been taken in a proceeding in another court, between different parties, and under a different issue.

By the court : Objection sustained, offer refused ; exception.[1]

The plaintiff then rested, when, on motion of defendant's counsel, the court, BIDDLE, J., entered a judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be taken off having been argued before the court in banc, the rule was discharged ; exception.[2] Whereupon, the plaintiff took this appeal, assigning for error :

1. The refusal of the plaintiff's offer.[1]

2. The order discharging the rule to show cause.[2]

*Mr. Frank P. Prichard* and *Mr. J. Davis Duffield*, for the appellant :

1. The deposition of John Fearn was taken and read in evidence in a cause in which he was a party. The wife, in one case, being joined with her husband, in the other, substituted as his administratrix, the parties were technically and in fact the same, practically in the same court originally, and for the same cause of action, so far as the negligence of the defendant constitutes an element, and it is certainly a " question in issue : " § 1, act of March 28, 1814, 6 Sm. L. 208 ; § 9, act of May 23, 1887, P. L. 161 ; Kohler v. Henry, 4 Phila. 61. Complete materiality or identity of all the parties, is not necessary : 1 Greenl. Ev., § 553 ; Haupt v. Henninger, 37 Pa. 138 ; Galbraith v. Zimmerman, 100 Pa. 374 ; Hobart v. McCoy, 3 Pa. 419 ; Fulton v. Sellers, 4 Brewst. 42 ; First N. Bank v. Wirebach, 106 Pa. 37 ; Cornell v. Green, 10 S. & R. 14 ; Wolf v. Wyeth, 11 S. & R. 149 ; McAdams v. Stilwell, 13 Pa. 90 ; Hepler v. Savings Bank, 97 Pa. 420 ; Pratt v. Patterson, 81 Pa. 114 ; Cooper v. Smith, 8 W. 536 ; Ottinger v. Ottinger, 17 S.

& R. 142; Norris v. Monen, 3 W. 465; Hocker v. Jamison, 2 W. & S. 438; Wright v. Cumpsty, 41 Pa. 102.

2. This is the case of a passenger against a carrier who has undertaken to carry him safely, and is bound to use such precautions as human care and foresight can suggest: Christie v. Griggs, 2 Camp. 79. In the case of an injury to a passenger, there is a presumption of negligence on the part of the carrier: Erie etc. R. Co. v. Smith, 125 Pa. 259; Phila. etc. R. Co. v. Anderson, 94 Pa. 351; Holbrook v. Railroad Co., 12 N. Y. 236 (64 Am. Dec. 502); Penna. R. Co. v. MacKinney, 124 Pa. 462; and the burden is on the defendant to show the absence of negligence causing the injury: Spear v. Railroad Co., 119 Pa. 61; Phila. etc. R. Co. v. Hughes, 119 Pa. 302; Penna. R. Co. v. Fuller, 3 Penny. 176; Sullivan v. Railroad Co., 30 Pa. 234; Pawling v. Hoskins, 132 Pa. 617; Neslie v. Railway Co., 113 Pa. 300; Seymour v. Railroad Co., 3 Biss. 43; Devine v. Bailey, 131 Mass. 169; Weston v. Railroad Co., 73 N. Y. 595; Bennett v. Railroad Co., 102 U. S. 577; Knight v. Railroad Co., 56 Me. 234 (96 Am. Dec. 449); Ferris v. Union F. Co., 36 N. Y. 313; Davenport v. Buckman, 37 N. Y. 568; Willey v. Allegheny City, 118 Pa. 490; Amer. Steamship Co. v. Landreth, 102 Pa. 131; Penna. R. Co. v. Roy, 102 U. S. 451.

*Mr. Geo. Tucker Bispham* (with him *Mr. A. H. Wintersteen*), for the appellee:

1. Since § 9, act of May 23, 1887, P. L. 161, practically reenacting § 1, act of March 28, 1814, 6 Sm. L. 208, that notes of testimony may be admissible in a subsequent proceeding, three conditions must co-exist: (*a*) An opportunity to cross-examine in the earlier suit; (*b*) the same parties in interest in both suits; and (*c*) the issues in the two suits must involve the same subject-matter: Haupt v. Henninger, 37 Pa. 138; Harger v. Thomas, 44 Pa. 128; Miles v. O'Hara, 4 Binn. 108; Norris v. Monen, 3 W. 465; Sample v. Coulson, 9 W. & S. 62; 1 Whart. on Ev., § 177. The parties in the present suit are different in interest from the parties in the suit in which John Fearn's deposition was read. Amelia Ann Fearn was plaintiff in the original suit, and was the only party in interest; her husband was joined as a nominal party, because she could not sue alone. In the present suit, John Fearn was the sole party

in interest, and the representative of his estate, who happens to be Amelia Ann Fearn, is the sole party of record. The cause of action is also entirely different in the present cause.

2. There was no negligence of the defendant proven for the jury to consider. The rule that in the case of an accident to a passenger there is a presumption of negligence, does not make that negligence which is not negligence, and adds nothing to the duty of the carrier. Where the cause of the accident is known, the plaintiff must always show a duty of the defendant to the plaintiff violated, before any presumption of· negligence whatever arises: Farley v. Traction Co., 132 Pa. 58; Hayman v. Railroad Co., 118 Pa. 508. A carrier cannot. prevent ·snow from falling. It cannot, therefore, prevent its vehicle from being rendered icy and slippery by the falling snow. Accordingly, this court has said that the only negligence that can exist, in these cases, is in allowing the snow and ice to accumulate and remain an unreasonable time in a dangerous condition: Neslie v. Railway Co., 113 Pa. 300, 304. And see McDonald v. Railroad Co., 26 Ia. 124 (96 Am. Dec. 114); Wood's Railway Law, 1166; Whart. on Negl., §§ 821, 822; Stanton v. Springfield, 12 Allen 566; Mauch Chunk Bor. v. Kline, 100 Pa. 119; McLaughlin v. Corry, 77 Pa. 113; Dehnhardt v. Philadelphia, 15 W. N. 214; Hanson v. Warren Bor., 22 W. N. 133.

OPINION, Mr. JUSTICE McCOLLUM:

The questions which confront us in this case are, first, whether the deposition of John Fearn was admissible; and second, whether there was error in the refusal to take off the nonsuit.

The deposition was taken in a suit in the Circuit Court of the United States, in which Mary Ann Fearn was the plaintiff and the West Jersey Ferry Company was the defendant. In ·that action, the plaintiff claimed damages for personal injuries caused by the alleged negligence of the defendant company. In this case, the administratrix of John Fearn claims that he received an injury through the negligence of the same company, which caused his death. It is contended by the appellant that the injuries for which these suits were brought were received at the same time and place, and were attributable to the same cause, to wit, the neglect of the defendant company

to keep its boat in a reasonably safe condition for the ingress and egress of its passengers. Assuming that the claim of the appellant is correct, it does not follow that a deposition taken in one action is admissible as evidence in the other. The actions are not between the same parties, although we have the same defendant in each. The fact that the plaintiff in the first action was the wife of the plaintiff in this action, or that she is now his widow and administratrix, can make no difference in the rule which allows testimony taken in one action to be given in evidence on the trial of another which involves the same subject matter and is between the same parties or their privies. The joinder of the husband in the former suit was merely formal, and it did not give him control of or an interest in it. It was the wife's claim that was litigated; the judgment was obtained in her right, and it was exclusively hers. Identity of subject matter, in whole or in part, and identity of parties in interest must unite, to render a deposition in one case admissible in another. This is the doctrine of our cases, of the act of 1814, and of the act of 1887 which contains the last legislative deliverance on this subject: Haupt v. Henninger, 37 Pa. 138; Harger v. Thomas, 44 Pa. 128; act of March 28, 1814, 6 Sm. L. 208; act of May 23, 1887, P. L. 158. The appellant's offer was not within this rule, and the deposition was properly rejected.

In considering the question raised by the second specification of error, it must be borne in mind that there is no evidence in the case which suggests any defect in the construction of the boat, and that the sole complaint is that its deck was slippery. This condition and its cause are adequately described in the appellant's testimony. It appears that it commenced snowing about the time Fearn left the Pennsylvania station for the ferry, and that it was snowing when he entered the boat. As a result of the brief storm, then in progress, the deck was covered with a thin coating of snow, and in crossing it to reach the cabin he slipped and fell. Nearly five years after this occurrence, alleging that he was injured by his fall and that it was caused by the negligence of the defendant company, he brought this action. After his death his administratrix was substituted as plaintiff, and on the trial the evidence of his widow and son was relied on to sustain the charge of negligence.

This developed the situation at the time of the accident, the commencement and progress of the snow storm, and the condition of the boat as affected by it, substantially as we have stated.

Assuming, as the appellant contends, that the cause of the accident was the slippery condition of the deck, it is obvious that this condition was produced by the snow falling upon it. It is not pretended that it was the duty or within the power of the company to prevent the snow falling on the deck of its boat, but it is claimed that its obligation to its passengers required it to immediately remove the snow and restore the condition which existed before the storm. It is well known that rain or snow, falling upon the sidewalks of a town or city, the steps and platforms of railway cars, and the decks of ferryboats, will render them slippery and consequently more difficult to walk upon. But it is not practicable to absolutely prevent this condition while the rain or snow is falling, and the mere existence of it during the storm which causes it, raises no presumption of negligence on the part of the municipality, the railway, or ferry company. In our case, it commenced snowing but a few minutes before the accident, and was snowing at the time of it. There was no accumulation of ice or snow on the deck, formed or left there from a prior rain- or snow-fall. There was not a spark of evidence from which an inference could be drawn that there was any ice on the deck where Fearn crossed it. Where the snow was displaced by his fall, the deck had a slippery appearance, caused by the moisture from the snow upon it. It is shown by the testimony and the photographs produced by the appellant on the trial, that it was the same appearance presented by the decks of ferry boats of like construction, in a rain storm, or when wet from any cause. It was therefore incumbent upon the appellant to prove an omission or violation of a duty which the company owed to him. The cause of the accident was known as well to the appellant as to the company. In such case the presumption of negligence arising from the mere fact that a passenger was injured while on the appellant's boat has no application: Del. etc. R. Co. v. Napheys, 90 Pa. 135; Hayman v. Railroad Co., 118 Pa. 508, and Farley v. Traction Co., 132 Pa. 58. As the appellant failed to show any omission or violation of duty by the com-

pany, in connection with the cause of the accident, we think the nonsuit was properly ordered. We find nothing in Neslie v. Railway Co., 113 Pa. 300, which is in conflict with this conclusion. In that case, there was ice on the step of the car caused by a storm the day before, and the ice " had been suffered to remain on the step from the previous day," and it was held that, " whether it remained there for such time and in such form as to establish the negligence of the defendant," was a question for the jury. Here, there was only a slippery condition of the deck, caused by a storm in progress when the accident occurred.

Judgment affirmed.