HELEN P. GILMAN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   March 25, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Railroad — Accumulation of Snow and Ice on Steps of Car — Negligence — Finding — Due Care — Law and Fact.*

In an action against a railroad corporation for personal injuries occasioned to the plaintiff by slipping upon an accumulation of snow and ice on a step of one of the defendant's cars, which was part of a train that had run from R. to B., a distance of thirty-five miles, there was evidence of a snow storm which lasted all day in S., about midway between R. and B., and most of the day in B.; that it stopped snowing in B. at nine o'clock in the evening, and was not snowing in S. a little over half an hour later when the plaintiff took the train there for B., where the accident occurred as he was leaving the train; and that the snow was hard, as if it had been there some time. *Held*, that the jury were warranted in finding that the snow and ice were on the steps of the car before it left R., and that the defendant was liable for not having cleared the step.

The question whether a passenger was in the exercise of due care in leaving a railway car, the step of which was covered with an accumulation of snow and ice, upon which she fell and was injured, and who testifies, in an action for her injury, that she saw the condition of the step and fell just as her daughter, who preceded her, warned her, is for the jury.

TORT, for personal injuries occasioned to the plaintiff, by slipping upon an accumulation of snow and ice on a step of one of the defendant's cars, which was part of a train that had run from Rockport to Boston, a distance of thirty-five miles, the plaintiff having taken the train at Salem, about midway between the termini.   At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

*T. Hunt & F. P. Sears*, for the defendant.

*W. D. Turner*, for the plaintiff.

HOLMES, J.   The jury found, in answer to a question from the judge, that the snow and ice were on the steps of a car before it left Rockport.   The real questions raised by the exceptions are whether there was any evidence which warranted this finding, and if so, whether it warranted the conclusion that the defendant was liable for not having cleared the step.   A ruling was asked to the effect that a railroad company is not bound to

keep an exposed platform clear while *in transitu* during a storm, and the jury were instructed that there was no rule of law which absolutely requires it, but that it was for them to say what was reasonable.   Considering the evidence as to the middle brakeman's duty,* we are not prepared to say that there was error in the instructions as applied to a local passenger train; but this we need not decide, as the verdict of the jury went on a different view of the facts.   If the snow and ice upon which the plaintiff slipped were on the step before the train started, there is no need to consider what the defendant's duties would have been if they had accumulated during the passage of the train.

We cannot say that the jury were not warranted in their finding.   There was evidence of a snow storm, which lasted all day in Salem and most of the day in Boston.   It is not unfair to infer that so persistent a storm extended to Rockport.   There was evidence that it stopped snowing in Boston at nine in the evening, and that it was not snowing at Salem a little over half an hour later, when the plaintiff left a concert there and took the train.   The snow was hard, as if it had been there some time. If this evidence was believed, it was a possible inference that the snow was on the step before the train started.   If so, and if it was in such a condition that it was likely that some one would slip upon it, the jury were warranted in finding that the condition ought to have been remedied at the earliest practicable moment. *Weston* v. *New York Elevated Railroad*, 73 N. Y. 595.   *Neslie* v. *Second & Third Streets Passenger Railway*, 113 Penn. St. 300. See *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207. The cases of *Palmer* v. *Pennsylvania Co.* 111 N. Y. 488, and *Kelly* v. *Manhattan Railway*, 112 N. Y. 443, are distinguishable.

The question of the plaintiff's care was for the jury.†   She may have had no reason to expect ice on the steps, and she fell

---

* The conductor of the train testified that he carried brooms on the train for the purpose of removing snow ; that it was the duty of the middle brakeman to sweep the platform with a broom; and that he should have swept it on the way to Boston.

† The plaintiff testified on this point as follows : " When we reached Boston my two daughters preceded me in going out of the car.   When I got to the door and to the steps, of course I saw the condition of the steps; then my daughter, my eldest daughter, who was the second to alight, said to me, ' Be careful, mother,' and I went down."

at the same instant that her daughter warned her. *Fleck* v. *Union Railway*, 134 Mass. 480. *Bethmann* v. *Old Colony Railroad*, 155 Mass. 352.          *Exceptions overruled.*