EVA HERBERT v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 31, 1902.

Nos. 12,809—(191).

**Street Railway—Car Steps—Ice.**

A street car company is required to exercise the highest degree of care to keep the platforms and steps of its cars in safe condition for use in the season when operated, so far as it practicably can do so, in consideration of the climate, temperature, and condition of the air with respect to snow, moisture, and frost.

**Verdict Sustained by Evidence.**

Evidence considered, and *held* sufficient to support a verdict for plaintiff upon the claim that she was a passenger on a street car, and, when alighting therefrom, slipped and fell from the same by reason of ice and snow negligently permitted by the carrier to be and remain upon its steps and platforms.

**Excessive Damages.**

*Held* that, under the evidence in this case, the verdict of the jury cannot be held to be excessive.

Action in the district court for Ramsey county to recover $5,050 for personal injuries received by plaintiff while in the act of alighting from defendant's street car. The case was tried before O. B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 88 N. W. 996.

*Munn & Thygeson,* for appellant.
*Edwin Gribble,* for respondent.

LOVELY, J.

Plaintiff was a passenger on one of defendant's street cars, and, in attempting to alight therefrom at her destination,—upon her claim,—slipped upon ice and snow negligently allowed by defendant to remain upon the rear steps of the car. She sustained injuries, for which a recovery was had. After denial of a motion for new trial, defendant appeals from such order.

The material questions presented here for review are the sufficiency of the evidence to sustain the verdict, the contributory negligence of the plaintiff, and the amount of the damages.

There was evidence for the plaintiff tending to show that she and her daughter took passage on February 19, 1901, on a car of defendant's street railway in St. Paul; that the car was stopped for her to alight at her destination, the corner of Rice and Rondo streets; that it was a cold, blustering morning; that two days before the accident 2.8 inches of snow had fallen; that the ground was at the time covered with snow; that, in attempting to leave the car, the conductor, who remained inside, opened the door for her, when she went to the platform, put out her hand to take hold of the hand rail to aid herself, and stepped out, when she suddenly slipped upon the ice and snow which had formed on the steps of the platform, and fell therefrom to the ground; that she was jarred, and injured to such an extent that she had to be taken to her home, where she was confined by reason of her injuries to her bed for the period of two weeks. Plaintiff's description of her injuries indicates that, while her health had been good up to the time of the accident, after it occurred she had suffered to a greater or less extent, and at the trial was still unable to work without pain, which condition might be permanent. Her physician testified that, while there was no substantial discolorations or bruises, yet she had received internal injuries, with a severe nervous shock, which would considerably impair her health.

While there is no dispute as to the fact of plaintiff's fall at the place stated, there was a decided contradiction to her claim (sup-

ported by the testimony of several witnesses for defendant) that there was ice and snow on the car steps, and also testimony to show that her injuries, if any, were very slight. We find nothing in the evidence, however, that makes it physically impossible that the account of plaintiff and witnesses called by her might not have been truthful. The doubts arising rest solely upon the weight of the evidence, which was for the jury.

In an exceedingly fair and impartial charge to the jury, applied to the facts, the learned trial court substantially stated that the duty defendant owed to its passengers was the exercise of the highest degree of care to keep its platforms and steps in safe condition for their use, consistent with its undertaking to transport them, in this climate, in the season when such duties occurred, as far as practicable, considering the climate, the temperature, and the condition of the air and ground with respect to snow, moisture, and frost. This obligation of duty, as stated by the trial court, was sufficiently favorable to the defendant, and stated the correct rule of law applicable to the case in that respect. The question of plaintiff's care was clearly for the jury, and needs no notice.

The most that can be said upon the able argument of counsel for defendant is that the witnesses who contradicted the material statements of plaintiff exceeded in number those produced by her. The same argument on that question might have been presented to the jury, who were authorized to determine the weight of evidence. We are therefore bound to accept the verdict as decisive, particularly in view of the fact that the learned trial court approved it.

While the amount of damages awarded to the injured lady is questioned, yet upon her own account of her sufferings, in connection with the opinion of her attending physician as to their character and durability, which were for the jury, we do not feel warranted in holding that their verdict was excessive or influenced by passion or prejudice.

The order of the trial court is affirmed.