### WILBERTINA A. FOSTER *vs.* OLD COLONY STREET RAILWAY COMPANY.

Bristol.    October 27, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* On street railway.

The plaintiff entered a street car of the defendant in a storm of sleet and freezing
rain after a fall of snow. The car had been waiting fifteen minutes and was
making short trips of five minutes each. The plaintiff in alighting, after going
a short distance, was injured by a fall caused by her foot slipping on an accu-

mulation of ice and snow on the step of the car. There was evidence that it was the duty of the conductor, in case of a storm, to sprinkle sand on the platform and step of the car, and that this could be done every two or three minutes if necessary. There also was evidence that there was no sand on the step when the accident happened and that there was no sand pail on the platform. *Held,* that the evidence warranted a finding that the defendant was negligent.

A woman alighting from a street car in a storm of sleet and freezing rain after a fall of snow, who, knowing that the step of the car is slippery, takes hold of the handle of the dasher with her right hand and steps upon the step with her left foot, and then raising her right foot throws her weight upon her left foot, which slips from under her by reason of an accumulation of ice and snow upon the step, may be found to be in the exercise of due care.

TORT for personal injuries caused by the plaintiff slipping on an accumulation of ice and snow on the step of a car of the defendant while alighting therefrom. Writ dated March 15, 1901.

In the Superior Court *Braley,* J. refused the defendant's requests for rulings, that the plaintiff had failed to show that she was in the exercise of due care when injured, that there was no evidence that the defendant was negligent, and that upon all the evidence in the case the jury must find for the defendant. The jury returned a verdict for the plaintiff in the sum of $900; and the defendant alleged exceptions.

The case was argued at the bar in October, 1902, and afterwards was submitted on briefs to all the justices.

*F. S. Hall,* for the defendant.

*R. P. Coughlin,* for the plaintiff.

LORING, J. The plaintiff in this case came to Taunton from Clinton by train one Monday morning in February, 1901. She left Clinton at 7.30 A. M. and arrived at Taunton at 9.30 A. M. On leaving the station of the steam railroad at Taunton, she took a car of the defendant corporation, which was waiting a few feet from the station and which runs from the steam railroad to the business centre of the city. The car stopped when it got to the Taunton Hotel, and the plaintiff proceeded to get off the car. She put in evidence that she took hold of the handle of the dasher with her right hand and stepped on to the step with her left foot; as she raised her right foot and threw her weight on her left foot, that foot went out from under her by reason of the slippery condition of the step, caused by snow and ice which had accumulated upon it.

It was undisputed that it was snowing when the plaintiff left

Clinton, and that the storm had not stopped when the accident happened, but that the snow had then turned to rain and sleet. The plaintiff's witnesses testified that it was a bad storm ; the plaintiff and one of her witnesses, who had come with her from Clinton, testified that when they reached Taunton it was raining, sleeting and freezing; and the other witness of the plaintiff who testified on the point said that in Taunton there was a slight rain which froze as it struck the ground.

The defendant contends that it is not practicable for a street railway company to prevent the open steps of its cars from becoming slippery during the continuance of such a storm as that in question in the case at bar, either by shovelling off the snow, sleet or ice which must accumulate on the steps, or by spreading sand or sawdust on them. *Kelly* v. *Manhattan Railway*, 112 N. Y. 443. *Fearn* v. *West Jersey Ferry Co.* 143 Penn. St. 122. But under the special circumstances of this case we do not think that that question arises. It appeared that the route over which the car in question ran was a short one, apparently about five minutes each way; at the time of the accident in question, to wit, quarter before ten in the morning or thereabouts, the car was on its fifth trip ; it further appeared that the car had waited at the railroad station fifteen minutes if not more. In addition to this, the defendant's motorman testified that by " our rules " it was the duty of the conductor, in case of a storm, to sprinkle sand on the platform and step of the car, and that this could be done every two or three minutes if necessary; and the conductor testified that he had sprinkled sand on the step where the plaintiff fell, three times on the morning in question and before the accident; and lastly, that there was a sand pail at each end of the car. On this evidence the jury were warranted in finding that under the circumstances of this case the defendant could have prevented and had undertaken to prevent the open steps of this car from being slippery when the plaintiff alighted from it. For these reasons, we think that the presiding judge was right in not directing a verdict for the defendant.

We think that the foregoing evidence, coupled with the testimony of the conductor that he put " about a quart " of sand on the step at about half-past nine o'clock, while the car was waiting at the railroad station, and the testimony of the plain-

tiff's witnesses that there was no sand on the step when the accident happened and that there was no sand pail on the platform, was evidence on which the jury were warranted in finding that the defendant was negligent. See Holmes, J., in *Gilman* v. *Boston & Maine Railroad*, 168 Mass. 454, 455.

The defendant contends that the jury were not warranted in finding that the plaintiff was in the exercise of due care. We think that such a finding was warranted. The plaintiff testified, in answer to the question, " So you got off without looking at the steps? " that " I knew I had to look out for myself because it was slippery and I had hold of this handle," meaning the handle of the dasher of the car. The defendant argues that she was not in the exercise of due care because " upon the plaintiff's own evidence she did not observe the condition of the car step, either when she entered or when she alighted."

The jury were warranted in finding that she knew that the step was slippery and did all that due care demanded with that knowledge ; that is enough. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Fleck* v. *Union Railway*, 134 Mass. 480. *Dipper* v. *Milford*, 167 Mass. 555.

*Exceptions overruled.*