MEYER *v.* MICHIGAN CENTRAL RAILROAD CO.

CARRIERS—SNOW AND ICE—NEGLIGENCE—RAILWAYS.

    While it is the duty of a railroad company to provide safe platforms, free from snow and ice, if reasonable opportunity to remove it occurs, there is no obligation requiring such carriers to keep the platforms of its cars entirely free from snow during bad, stormy weather, or to remove the accumulated snow at every station; and a passenger who was injured in passing from one car to another by slipping on accumulated snow, soon after leaving a main station and before arrival at a point where the work of clearing the cars was usually performed, the weather having been snowy and stormy, could not recover against the carrier.[1]

Error to Berrien; Coolidge, J. Submitted June 10, 1913. (Docket No. 62.) Decided June 1, 1914.

    [1] On the question of the duty of a carrier to keep steps of cars free from snow and ice, see notes in 15 L. R. A. (N. S.) 523 and 35 L. R. A. (N. S.) 592.

Case by Herman Meyer against the Michigan Central Railroad Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*T. Fred Laramie (Cady & Andrews,* of counsel), for appellant.

*Gore & Harvey (Henry Russel* and *Frank E. Robson,* of counsel), for appellee.

BIRD, J. On December 25, 1909, plaintiff, who was a resident of Chicago, took passage on one of defendant's local trains at 3:15 in the afternoon to come to Three Oaks, in this State. He sat in the smoking car until the train was within about two miles of his destination, when he got up and started for the coach in the rear, while the train was running at the rate of 40 miles an hour. When he got upon the platform there was a "lurch or jerk" of the train, and he slipped and fell to the ground, thereby sustaining serious and permanent injuries. The negligence which he relies on was the failure of defendant to keep the platforms free from snow and ice. After plaintiff had made his case, the trial court directed a verdict for the defendant on the ground that no negligence was shown on the part of the defendant. The question before us is whether this was a proper direction.

It appears that, when the train left Chicago, the platforms and steps of the cars were free from snow and ice. There had been a heavy snowfall during the day and it was yet snowing when the train left Chicago. The snow ceased falling at about 4 o'clock, but it continued to blow and drift for some time after that hour. The testimony shows that at Michigan City (a station 17 miles west of Three Oaks), where the train arrived at about 5:05, there was snow on the platforms, and here and there were lumps of

packed snow which had evidently been deposited there by the feet of oncoming passengers, and which had made the platform and steps more or less slippery. We are asked under this state of facts to say that the testimony was sufficient to submit to a jury upon the question of defendant's negligence.

This request raises the question as to whether the defendant neglected any duty which it owed to plaintiff in keeping its car platforms free from snow and ice. By reason of the varying conditions under which this duty has been considered and applied in the adjudicated cases, they are not very helpful in the solution of this one. We think it is a matter of common knowledge that when passenger trains are operated in midwinter and during snowstorms and while the snow is blowing and drifting, more or less snow will collect on the platforms and steps. To hold that the platforms and steps are to be freed from snow and ice at each station, or before a passenger is allowed to pass over them, would be to impose an unreasonable rule, and one which would make it extremely difficult to operate trains in the winter season. The testimony shows that the snowfall had been very heavy that day, and, while it had abated at about 4 o'clock, it was still blowing and drifting when the plaintiff went upon the platform. The testimony fails to disclose that the conditions were other or different on the platforms than they ordinarily are during a snowstorm, or that the accumulation of snow was greater. In the absence of unusual conditions, created by snow and ice on car platforms, we think there is no rule which would compel those operating the cars to see that they are entirely free from snow and ice until the storm is over and reasonable opportunity is had to remove them at places where such work is usually done. *Palmer* v. *Pennsylvania Co.*, 111 N. Y. 488 (18 N. E. 859, 2 L. R. A. 252).

In the foregoing case, where a like question was dealt with, it was said:

"The immediate and continuous removal of all snow and ice from such trains, or the covering of them with sand or ashes in such manner that no slippery places shall be at any time exposed, would be quite impracticable and beyond the duty which a railroad company owes to its passengers. The presence of snow or ice upon exposed places on moving cars is an accident of the hour, and no ordinary diligence could, during the prevalence of a storm, wholly remove its effects from the places exposed to its action, so as to prevent accidents to heedless and inattentive travelers. A passenger on a railroad train has no right to assume that the effects of a continuous storm of snow, sleet, rain, or hail will be immediately and effectually removed from the exposed platform of the car while making its passage between stations, or the termini of its route, and it would be an obligation beyond a reasonable expectation of performance to require a railroad corporation to do so."

See, also, *Dorrance* v. *Railway Co.*, 175 Mich. 198 (141 N. W. 697).

We are of the opinion that the conclusion which the trial court reached was a proper one; and the judgment will be affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.