JOSEPH D. KEENEY, PLAINTIFF-APPELLANT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Submitted March 22, 1915—Decided June 14, 1915.

The plaintiff, traveling on a ticket which entitled him to ride on a train of the defendant company from New York to South Orange, stayed in the train after it left that station stop, without the payment of extra fare, for the purpose of alighting at a place in defendant's railroad yard about three-quarters of a mile west of the South Orange station, and which place was nearer to his residence than the station, but was there thrown off when about to alight, by reason of a lurch of the train going through a switch. He and others frequently got off at the place in question, which was covered with cinders between the tracks, but the railroad company did not maintain any station or platform at the place. *Held*, that after leaving the station at South Orange he ceased to be a passenger and became only a licensee on defendant's train, in which situation the company no longer owed him the high degree of care due to a passenger but only the exercise of ordinary care against inflicting injury upon him. *Held, further*, the trial judge was right in granting a nonsuit, because the question at issue arose upon uncontroverted proofs and was therefore one for the court and not for the jury.

On appeal from the Supreme Court.

For the appellant, *Alexander Simpson.*

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered.by

WALKER, CHANCELLOR.   This case is here on an appeal from a judgment entered on a nonsuit granted at the Circuit.   The case was tried before and a verdict passed for the plaintiff.   On rule to show cause the Supreme Court set aside the judgment on the ground that a verdict should have been directed for the defendant.   On the trial which resulted in the nonsuit the proof was conceded by appellant's counsel to be practically the same as that which was reviewed in the Supreme Court, and he admitted that there was nothing for the trial judge to do but grant a nonsuit, and leave the plaintiff to take his appeal to this court.

The plaintiff was a passenger on a train the last stop of which was at the passenger station in South Orange.   He was traveling on a commutation ticket from New York to that place and remained on the train after it left the station, and when about to alight from it some three-quarters of a mile west of the station, and after it had made the regular station stop, was thrown off the car on which he was riding by reason of a lurch of the train going through a switch.

The plaintiff resided nearer the place where he was precipitated from the car than the South Orange station, and claimed that that place was customarily used by him and others as a station.   It is true that he and others frequently got off there, but the railroad company did not maintain any station or platform at the place where he was injured, which was in a yard of the defendant where cars were drawn by engines to be stored.

The appellant cited *Falk* v. *Susquehanna Railroad Co.,* 56 *N. J. L.* 380, as an authority to the effect that the jury could have found that the place in the railroad yard where the plaintiff received his injury was a station.   That case was on a demurrer to a declaration, and Mr. Justice Lippincott ob-

served (at *p.* 384) that the averments of the declaration while quite broad, contained sufficient certainty of designation of the place as a station at which a passenger had the right to alight, and that the circumstances were such as to induce the plaintiff to believe that the train was stopped for that purpose, and that the averments of negligence on the part of the defendant towards the plaintiff were sufficient to sustain the declaration and overcome the demurrer.

It must be perfectly obvious that there is a wide difference between the sufficiency of averments in a declaration to indicate that a certain place is a station, &c., and lack of proof, as in this case, that such a situation in fact existed.

*Mathews* v. *Bensel,* 51 *N. J. L.* 30, cited by the Supreme Court in its *per curiam* sustaining the judgment of nonsuit in this case, is authority to the effect that the plaintiff, whom the proofs show to have been no more than a licensee on the defendant's train and premises at the point where he was injured, was not entitled to recover because the defendant owed him no more by way of duty than for failure to exercise ordinary care against inflicting injury upon him.

The trial judge was right in granting the nonsuit, because the question at issue arose upon uncontroverted proofs and was therefore one for the court and not for the jury. *Dickinson* v. *Erie Railroad Co.,* 85 *N. J. L.* 586.

The judgment under review must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 15.

*For reversal*—None.