# HANNAH KOBBE v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.[1]

December 2, 1927.

No. 26,271.

**Court obtained jurisdiction of defendant and of the cause.**

[1] Jurisdiction was properly acquired of defendant and of the cause of action. Erving v. C. & N. W. Ry. Co. 171 Minn. 87, applies.

**Wilful trespasser was wantonly ejected under peril of his life and limb.**

[2] The evidence of plaintiff justified the jury in finding that Swingley, a wilful trespasser upon defendant's moving train, was wantonly and forcibly ejected by defendant's servant, in the course of his employment, under conditions which imperiled the life and limb of the trespasser.

Commerce, 12 C. J. p. 118 n. 42, 44.
Corporations, 14a C. J. p. 1408 n. 30; p. 1412 n. 84.
Railroads, 33 Cyc. p. 770 n. 77; p. 894 n. 76.

---

See 50 L. R. A. 589; 70 L. R. A. 523; 30 A. L. R. 255; 12 R. C. L. 103; 2 R. C. L. Supp. 1391; 5 R. C. L. Supp. 633.
See note in 5 L.R.A.(N.S.) 1025; 13 L.R.A.(N.S.) 364; 5 R. C. L. 113; 1 R. C. L. Supp. 1324.

Action in the district court for Blue Earth county to recover for personal injuries to plaintiff's minor son. The case was tried before Comstock, J. There was a verdict for the plaintiff, and defendant appealed from the judgment, Harry A. Johnson, J. Affirmed.

*Brown, Somsen & Sawyer* and *C. J. Laurisch,* for appellant.
*Tom Davis, Ernest A. Michel,* and *John E. Regan,* for respondent.

HOLT, J.

Action to recover for wanton injury to Mathew Swingley, a minor. Defendant appeals from the judgment.

[1]Reported in 216 N. W. 543.

Defendant is a railway incorporated under the laws of Illinois. Its railway system extends many miles into this state as well as into Illinois and other states. On February 9, 1925, Mathew Swingley, then a husky youth of 20 years whose home was in Savanna, Illinois, rode the "blind baggage" to Chicago. He spent the day there, and late in the evening took shelter in a box car in defendant's yard. About three in the morning he was discovered and escorted out of the railroad yard by defendant's private police officer, Mulvey, a young man of 21, slightly smaller than Swingley, whose duty it was to see that no depredations were made on merchandise cars while in defendant's yard. Swingley started away from the yard but after walking about two blocks turned again to the tracks upon which defendant operated. These tracks were here built upon a 30-foot embankment with the cross streets passing underneath. At Monroe street, where Swingley mounted the embankment, there are five railroad tracks crossing. The tracks are carried over the street by girders and trusses, the trusses separating the tracks and extending some distance above the rails. As Swingley came up on the embankment a southbound train was approaching. He met it north of the Monroe street crossing, swung onto a box car, and began to climb the ladder. He claims that as his head came above the roof of the car he saw Mulvey sitting there. There was a brief wordy combat in which Swingley told Mulvey he was not going to get off that train, whereupon Mulvey sliding toward Swingley gave the latter a kick in the breast causing him to fall between the train and the truss of the girder on the north side of Monroe street so that one foot came under the wheels and was severed at the ankle. Successive amputations were subsequently necessary, in the last of which the leg was cut off two inches above the knee.

[1] The appeal presents two questions. The first is jurisdictional. By motion to set aside the service of the summons, by the answer, and by objections at the trial defendant challenged the jurisdiction of the court, the main ground of the attack being that Swingley was a citizen of Illinois, that he received his injury there, and that compelling this defendant, incorporated under the laws of

Illinois, to here try this cause of action unduly burdens and interferes with interstate commerce, in which defendant is engaged. Incidentally our statutes providing for service upon foreign railway corporations by leaving a copy of the summons with the ticket agent in charge of a station on the line of railroad of such corporations extending into this state are attacked as unconstitutional.

This court must consider the question settled contrary to defendant's contention by the exhaustive opinion in Erving v. C. & N. W. Ry. Co. 171 Minn. 87, 214 N. W. 12, where this defendant by its present attorneys made the same argument as in the instant case. And in Hoffman v. Missouri ex rel. Foraker, 274 U. S. 21, 47 S. Ct. 485, 71 L. ed. 598, the Supreme Court of the United States, the final authority, indicates that the trial of this transitory cause of action in this state does not unlawfully burden interstate commerce. It is true the action was there brought in the state where the defendant railway company was organized. But it seems that that fact should not differentiate the case from this, for in both cases the plaintiff is a resident of another state wherein the injury sued for was inflicted. Both intrastate and interstate commerce are carried by defendant into and through this state, the same as in the state where it was organized.

[2] By motion for a new trial the sufficiency of the evidence to sustain the verdict was attacked. The very plausible defense was that no one kicked or pushed Swingley off, but that he was brushed off by the upstanding trusses of the girders supporting the tracks over Monroe street as he was in the act of boarding the box car. Defendant concedes that the jury might find against it and might accept as true Swingley's story that he was kicked off by Mulvey. In addition to what is already recited, Swingley testified that when Mulvey used force to dislodge him the train was moving 10 to 15 miles per hour. In view of this speed and the location of the trusses in close proximity to the train the jury could find that forcibly to dislodge this wilful trespasser wantonly and recklessly imperiled his life and limb. But on the admission of Swingley that he would have used whatever force he was capable of to remain on the train even had it been stopped to eject him, defendant urges

the insufficiency of the evidence to support the verdict and judgment.

The case of Hawthorne v. Delano, 154 N. W. 590 (an Iowa case not reported in the state reports), is cited as sustaining defendant's position. The facts are not parallel. There the train had been stopped more than once to put off the trespasser, and, as it again started, the conductor took a position on the rear platform to prevent any further boarding, but the trespasser came running, caught hold of the train, the conductor all the time trying to prevent him from climbing on. In the melee the trespasser fell and was injured. This was held, and rightfully, to show no unreasonable force by the conductor in defense of his train from the trespasser.

We think the facts testified to by Swingley bring him within the rule that although owing him no duty as a trespasser, defendant nevertheless must "refrain from wantonly injuring him in ejecting him from the car, and from ejecting him, or forcing him to jump, from the car when it was going so rapidly as to endanger his life or person." Barrett v. M. St. P. & S. S. M. Ry. Co. 106 Minn. 51, 56, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 A. S. R. 585. Here according to Swingley, he had already got lodgment on the moving train, though in a precarious and perilous position. There was no attempted assault on Mulvey. The instant case is quite like Johnson v. C. St. P. M. & O. Ry. Co. reported in 116 Iowa, 639, 88 N. W. 811, and 123 Iowa, 224, 98 N. W. 642, the opinions being by two eminent jurists of that court, where the law applicable to the facts testified to by Swingley is clearly stated.

The assignments of error raise no question as to admissibility of the evidence received; nor is the charge of the court, as finally amended, in various particulars at the suggestions of the parties, here challenged. Under the charge we think the evidence warrants the verdict, viz, that Mulvey in the course of his employment wantonly and recklessly exposed Swingley to imminent peril which resulted in the injury for which a recovery was had.

The judgment is affirmed.