M. T. FOLEY, Appellee, v. CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant.

JANUARY 17, 1928.

*D. E. Stuart* and *Carr, Cox, Evans & Riley*, for appellant.

*Robertson & Robertson*, for appellee.

MORLING, J.—The defendant made an excursion rate, schedule for which was approved by and filed with the interstate commerce commission. By this schedule the plaintiff's ticket was good only on train No. 16, which left Omaha in the morning. It was not good on No. 12, from which plaintiff was ejected. Plaintiff claims that he was not informed of that fact, and that no schedules were posted in the depot at Manning. The ticket showed no limitation to any particular train.

The provisions of the Interstate Commerce Act (8 U. S. Comp. Stat. 1916, Section 8569 *et seq.*, U. S. Comp Stat. 1916, 1923 Supplement, Section 8569 *et seq.*, and annotations) on the subject of rates are designedly stringent and unyielding, and thereby all sorts of discriminations and special favors are prohibited, under penalty for violation. Subterfuges for evasion are not only forbidden, but the policy of the law is to prevent them, by making them impossible. Permission to one customer to make use of a train other than those approved or allowed by the schedule would be to confer on him a special favor, in manifest violation of the terms and spirit of the act. The trial court conceded that, in an action *ex contractu*, the ticket would be void for train No. 12, but, holding that this action was *ex delicto*, thought that the defendant was liable for tort. Plaintiff's petition seems to sound in contract, rather than in tort. If it be conceded, however, that the action is *ex delicto*, it is manifest that to permit the carrier to suffer judgment for tort, such as for misrepresentation of the contents of the schedule, would widely open the door for granting special favors, and for evasion. The carrier would only have to concede that it had committed a wrong, make concession in settlement on account thereof, and thereby circumvent the law.

But apart from this, the rate fixed by the schedule is not simply a matter of contract, nor is the filing of the schedule merely a matter of notice. The schedule has the force of law. Both carrier and customer are bound to know the rate and its

accompanying limitations and privileges. It makes no difference that the customer did not in fact see or know of the published schedule, nor is it material that the carrier knows of the agent's or the customer's ignorance. *Herminghausen v. Adams Exp. Co.*, 167 Iowa 230; *American R. Exp. Co. v. Daniel*, 269 U. S. 40 (70 L. Ed. 154); *American R. Exp. Co. v. Lindenburg*, 260 U. S. 584 (67 L. Ed. 414); *Western Union Tel. Co. v. Esteve Bros. & Co.*, 256 U. S. 566 (65 L. Ed. 1094); *Galveston, H. & S. A. R. Co. v. Woodbury*, 254 U. S. 357 (65 L. Ed. 301); *Kansas City Southern R. Co. v. Carl*, 227 U. S. 639 (57 L. Ed. 683); *Chicago & Alton R. Co. v. Kirby*, 225 U. S. 155 (56 L. Ed. 1033); *Sinclair Refining Co. v. Schaff* (C. C. A.), 275 Fed. 769. Manifestly, there can be no actionable misrepresentation of that the truth whereof both parties are conclusively held to know, nor may the carrier be held as for a tort for ejecting a passenger whose ticket both parties are bound to know is invalid, and who refuses to pay his fare. *Central of Georgia R. Co. v. Britt*, 21 Ga. App. 314 (94 S. E. 283); *Trezona v. Chicago G. W. R. Co.*, 107 Iowa 22; 10 Corpus Juris 739.—*Reversed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.