# FRANK GEGERE v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.[1]

June 29, 1928.

No. 26,789.

**Refusal to set aside summons served on foreign carrier.**

1. Defendant was not entitled to have the service of the summons set aside nor to have judgment of dismissal. The facts in respect to jurisdiction are the same as in Erving v. C. & N. W. Ry. Co. 171 Minn. 87, and the decision therein is followed.

**Conflicting evidence as to whether defendant was negligent in failing to remove ice and snow made it a jury question.**

2. Conflicting testimony made it a jury question whether ice and snow had accumulated on the steps of defendant's coach and whether there was negligence in not discovering and removing the same prior to plaintiff's fall thereon. Defendant as a common carrier owed the highest degree of care to protect its passengers from perils incident to slippery steps, and if snow or ice thereon cause a passenger to fall it devolves on the carrier to show that the condition was not due to its fault.

**Failure to give instruction asked was error.**

3. The court erred in not instructing the jury that an act of negligence not pleaded nor litigated by consent should not serve as a ground of recovery.

**Whether plaintiff was passenger or licensee was question of fact.**

4. Whether plaintiff was a passenger or a licensee on defendant's train at the time he fell and was injured was not a question of law but of fact for the jury upon this record.

**Court erred in indorsing counsel's advice to jury.**

5. The court erred in indorsing a wrong method of procedure to assess damages which counsel advised the jury to pursue.

[1]Reported in 220 N. W. 429.

Carriers, 10 C. J. p. 962 n. 88; p. 1025 n. 79; p. 1067 n. 80; p. 1074 n. 25.
Commerce, 12 C. J. p. 118 n. 55.
Damages, 17 C. J. p. 1067 n. 20.
Trial, 38 Cyc. p. 1612 n. 13.

See note in 15 L.R.A.(N.S.) 523; 35 L.R.A.(N.S.) 592; 4 R. C. L. 1145;
1 R. C. L. Supp. 1293; 4 R. C. L. Supp. 1207.

Action in the district court for Goodhue county to recover damages for personal injuries. There was a verdict of $8,500 for the plaintiff, and defendant appealed from an order, Albert Johnson, J, denying its alternative motion for judgment or a new trial. Reversed.

*Thomas Mohn, Horace W. Mohn, R. L. Kennedy, W. T. Faricy* and *P. J. McGough,* for appellant.

*Tautges & Wilder,* for respondent.

HOLT, J.

Defendant appeals from an order denying its motion for judgment non obstante or a new trial, a verdict having been returned for plaintiff.

Defendant is a common carrier, and part of its railroad system extends through the cities of Marinette and Green Bay, Wisconsin. Green Bay Junction is a stopping place less than a mile beyond the main station in Green Bay coming from Marinette. In the morning of November 30, 1925, plaintiff bought a ticket at Green Bay going from there to Marinette. Towards evening he procured a ticket at Marinette for the return passage and boarded the defendant's train which arrived at Green Bay station at 8:10 p. m. Defendant pursuant to the laws of Wisconsin had duly posted and published its schedule of rates, showing the fare from Marinette to Green Bay to be $1.77, from Marinette to Green Bay Junction $1.81, and from Green Bay to Green Bay Junction ten cents. If the fare is paid on the train, ten cents in addition to the scheduled fare is charged. Plaintiff concluded to ride to Green Bay Junction, and as the conductor, upon the train's approaching Green Bay, was taking up the slip of paper given plaintiff on the receipt of his

ticket or fare showing his destination, he told the conductor that he was going to get off at Green Bay Junction. The response of the conductor was that he did not care where plaintiff got off. Green Bay was a division point. The train stopped there some 20 minutes, and a new train crew, conductor included, took charge. Plaintiff did not offer to pay additional fare when he announced his intention to remain, nor did that conductor demand any. As the train stopped at Green Bay Junction the new conductor had not reached the coach (the smoker) in which plaintiff rode to collect fare, but came out from the rear door of the coach in front of the smoker as plaintiff reached the front vestibule of latter and was about to descend the steps, when he slipped and fell, as he claims, because of ice and snow which had been allowed to accumulate on the steps. For the injuries so received plaintiff was awarded damages by the verdict.

Error is assigned upon the refusal to set aside the summons and order judgment for defendant upon the same grounds advanced by it in Erving v. C. & N. W. Ry. Co. 171 Minn. 87, 214 N. W. 12, the particular contention being that it is an undue burden upon interstate commerce to require defendant, a foreign common carrier, to bring its lawyers and witnesses into this state to try the case, the accident having occurred not on defendant's railroad lines here but in Wisconsin, where plaintiff also resides. We adhere to the decision in the case cited until the Supreme Court of the United States, the final authority, decides otherwise. See also Kobbe v. C. & N. W. Ry. Co. 173 Minn. 79, 216 N. W. 543. Hoffman v. Missouri ex rel. Foraker, 274 U. S. 21, 47 S. Ct. 485, 71 L. ed. 905, appears to sustain our position.

The motion for judgment non obstante was denied. This is assigned as error. At first blush two of the cases cited by defendant upon this point appear to sustain it, the facts being very much like those here present, namely Akin v. C. & N. W. Ry. Co. (C. C. A.) 21 F. (2d) 1000, and Meyer v. Michigan Cent. R. Co. 180 Mich. 516, 147 N. W. 485. It was there held that the mere presence of ice and snow on the platform or steps of passenger coaches, without proof

as to the length of time it had remained or that those in charge of the train had knowledge of its existence and opportunity to remove the same, could not support a recovery. However in the Akin case the court made much of the fact that a light coat of snow had drifted in covering the ice so as not to make it observable to the trainmen and that a wire, which contributed to the accident, may have been there for such a short time that the train crew would have had no occasion to notice it. In the Meyer case a heavy snowfall and storm followed the train on which Meyer was riding and upon which he had his accident, and the court said:

"We think it is a matter of common knowledge that when passenger trains are operated in midwinter and during snowstorms and while the snow is blowing and drifting, more or less snow will collect on the platform and steps. To hold that the platform and steps are to be freed from snow and ice at each station, or before a passenger is allowed to pass over them, would be to impose an unreasonable rule, and one which would make it extremely difficult to operate trains in the winter season."

The same thought was expressed in Palmer v. Pennsylvania Co. 111 N. Y. 488, 18 N. E. 859, 2 L. R. A. 252. However in Herbert v. St. Paul City Ry. Co. 85 Minn. 341, 88 N. W. 996, the mere fact that there was testimony of an accumulation of ice and snow on the rear platform and steps of a street car without a showing of how long it had remained there justified the submission of the carrier's negligence to the jury.

Since a common carrier is held to the highest degree of care in the protection of passengers while upon the journey and while entering and leaving the conveyance it would seem reasonable to hold that where the proof shows ice or snow upon the platform or steps of a railroad coach it requires the carrier to explain or rebut the inference of negligence which arises from the presence of a substance which may imperil the safety of the passengers. This accords with Heck v. N. P. Ry. Co. 59 Mont. 106, 196 P. 521. The accumulation itself and climatic conditions may be such as to indicate a negligent delay in its removal. Gilman v. Boston & M.

Railroad, 168 Mass. 454, 47 N. E. 193; Foster v. Old Colony St. Ry. Co. 182 Mass. 378, 65 N. E. 795. The surrounding circumstances may also be such as to disprove negligence. Riley v. Rhode Island Co. 29 R. I. 143, 69 A. 338, 15 L.R.A.(N.S.) 523, 17 Ann. Cas. 50; Fearn v. West Jersey Ferry Co. 143 Pa. 122, 22 A. 708, 13 L. R. A. 366; and the two cases first cited of Akin and Meyer.

The question then recurs whether the character of the accumulation and the testimony regarding it made a jury question. There was evidence that snow flurries had occurred between Marinette and Green Bay during the forenoon, that the highest temperature was 32 degrees above, and that it was freezing towards evening. Defendant could not prevent the snow from falling, nor from its being carried by the feet of passengers upon the steps, nor from its being whirled by the wind or by the suction of the moving train onto the steps. Besides himself, plaintiff had but one witness as to there being ice on the steps, the witness Hanahan. Plaintiff said he slipped on ice and snow upon the second step, but does not describe the accumulation, except inferentially by stating that the brakeman said "the snow and ice should have been removed off the steps." The witness Hanahan, after testifying that he stood eight feet away from the train as he saw plaintiff falling from the vestibule onto the depot platform, stated that he went close up to see what caused the fall and noticed snow and ice on the steps and a "sliding footprint" on the second step.

The testimony of plaintiff and Hanahan is flatly denied by the conductor and brakeman who examined the steps and by an expressman who was requested by the conductor to look at them. Testimony was also adduced that at a station four miles before coming into Green Bay the same steps were used by the brakeman and conductor then in charge and by passengers there alighting or boarding and the steps were then clean, and that before leaving Green Bay for Green Bay Junction there was the usual inspection of the whole train. There being a sharp conflict between the testimony adduced by plaintiff and that by defendant, it is not a case for judgment. In view of another trial it should be said that the

evidence was such as to call for an instruction that, if the deposit of snow on the steps was of so recent origin that defendant's servants in the exercise of due care had no knowledge of its existence or an opportunity to remove it before plaintiff attempted to alight, the charge of negligence failed.

Plaintiff testified he did not leave his seat in the smoker until the train stopped. The complaint charged no jerking or lurching of the train as ground for recovery. During the trial plaintiff's motion to amend the complaint by alleging a negligent jerking of the train as a contributing cause to his fall was denied. However, over objection, plaintiff was permitted to offer testimony that the train jerked or lurched as he slipped, the court deeming the movement of the coach a part of the circumstances attending the accident. Defendant requested the court to instruct the jury that no actionable negligence could be predicated upon any jerking of the train. This was refused, and error thereon is assigned. Defendant was clearly entitled to the instruction. A jury is not to rest a verdict upon an act of negligence not pleaded nor litigated by consent.

Defendant contended that plaintiff was not a passenger between Green Bay and Green Bay Junction, not having procured a ticket, tendered his fare, or signified an intention to pay for the ride. The court charged in substance that he was a passenger as a matter of law if he remained on the train by the permission or acquiescence of the conductor who was in charge on the trip from Marinette to Green Bay. We think this was a jury question and should have been submitted under proper instructions. No doubt if plaintiff on the trip, either before or after arriving at Green Bay, formed the intention to continue as a passenger and pay the fare established he should be regarded entitled to the rights as such. Anderson v. Missouri Pac. Ry. Co. 196 Mo. 442, 93 S. W. 394, 113 A. S. R. 748. But if he merely intended to take the words of the first conductor as permission to ride free, he became a mere licensee at the most and entitled to the rights of a licensee only while on and departing from the train at Green Bay Junction. McVeety v. St. P. M. & M. Ry. Co. 45 Minn. 268, 47 N. W. 809, 11 L. R. A. 174, 22 A. S. R. 728.

Plaintiff must be held to have knowledge of the Wisconsin statute and the schedules of rates duly promulgated and published pursuant thereto. Such schedules have the force of law. See cases cited in Foley v. C. G. W. R. Co. (Iowa) 217 N. W. 563. Plaintiff knew he had neither paid nor offered to pay the scheduled fare, and was in the act of leaving without so doing. He also must be charged with knowledge that no conductor had authority to permit free rides. There are authorities from other jurisdictions to the same effect as the McVeety case. Chesapeake & O. Ry. Co. v. Mollett, 207 Ky. 745, 270 S. W. 26; Giles v. Missouri Pac. Ry. Co. 169 Mo. App. 24, 154 S. W. 852; Keeney v. D. L. & W. R. Co. 87 N. J. L. 505, 94 A. 604; Condran v. C. M. & St. P. Ry. Co. (C. C. A.) 67 F. 522, 28 L. R. A. 749; Clark v. Chicago & N. W. R. Co. 165 F. 408, 19 L.R.A.(N.S.) 988. The substantive law must be applied as it is in Wisconsin where the cause of action arose. Under that law, should the jury conclude that plaintiff intended to beat the defendant out of the fare, he was a trespasser. Spencer v. C. M. & St. P. Ry. Co. 161 Wis. 474, 154 N. W. 979. This does not accord perhaps with our holdings. Fraser v. G. N. Ry. Co. 166 Minn. 308, 207 N. W. 644.

In his argument to the jury plaintiff's counsel used this language: "A safe way to decide all those cases is to pay the plaintiff plenty because if you overstep the bounds and give too much, this can by the court be cut down, but if you give too little, there is nothing more to it." To the defendant's timely objection the court said: "That is the law but it isn't necessary to argue it." Obviously the jury were not to award damages under such a rule. The argument was vicious, and the court should not have indorsed it.

Other errors are assigned and discussed but are of a nature not likely to arise on another trial and need not be considered.

In so far as the order denied defendant a new trial it is reversed.