ROY CORNELL, Respondent, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY CO., Appellant.

In the Kansas City Court of Appeals, May 16, 1910.

1. RAILROADS: Carriers: Tickets: Contract.  A railroad ticket paid for at the full rate, is not an independent contract, but is merely evidence of the contract created by law.

2. ————: ————: ————.  Where a traveler takes passage for Weatherby Crossing, and the railroad sells him a ticket to Weatherby, the crossing being just beyond the town, but the ticket seller and the conductor both know and understand he is going to the crossing, he retains his rights as a passenger

until he reaches such crossing, and the defendant is liable to him for its negligence in jerking the train while he is there alighting.

3. ————: ————: ————: **Wrongdoer.** The passenger in such case is not a trespasser conniving with defendant's employees to violate the carrier's rules.

4. ————: ————: ————: **Principal and Agent.** In this case the ticket seller and the conductor were the representatives of and acting for the defendant.

5. ————: ————: ————: **Negligence: Instruction.** Defendant's fifth instruction was properly refused because the pleadings did not present any issue as to plaintiff's right to recover in the absence of a contract of carriage. The instruction was also erroneous because if plaintiff had no contract of carriage beyond Weatherby, it put all the risk of injury in alighting from the train on plaintiff and omitted the element of notice to defendant's servants that plaintiff intended to alight at the crossing. Plaintiff was still a passenger and entitled to due care, with or without a contract for passage to the crossing.

6. **INSTRUCTIONS: Immaterial Modification.** A change in defendant's instructions so that they submit the issue of notice to defendant's *servants* that plaintiff intended to alight at the crossing, instead of such notice to defendant's *conductor*, did not constitute a material modification.

7. **PLEADING: Limiting Proof to Petition: Variance: Waiver.** If plaintiff's petition limited his right to recovery to a contract of carriage to Weatherby, the variance was waived by defendant's instructions.

8. ————: ————: ————. An allegation that fare was paid to defendant's conductor will permit proof of payment to a ticket agent. If the variance was material defendant should have filed an affidavit of surprise. In the absence of such affidavit it has no ground for complaint.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mossman,* Judge.

AFFIRMED.

*Brown & Dolman* for appellant.

(1) An allegation that the wrong complained of consisted in failing to give the passenger an opportunity to alight at the point designated in his contract of car-

riage is not proven by evidence showing that the conductor undertook to let him off at some other point, and negligently performed the undertaking. The variance is one that goes to the entire cause of action, and will not sustain a verdict upon the petition. Raming v. Railway, 157 Mo. 477; Beck v. Ferrara, 19 Mo. 30; Carson v. Cummings, 69 Mo. 325; Hite v. Railway, 130 Mo. 132; Buffington v. Railroad, 64 Mo. 246; Waldhier v. Railroad, 71 Mo. 514; McManamee v. Railway, 135 Mo. 446; Harty v. Railway, 95 Mo. 368. (2) Plaintiff must recover, if at all, upon the case which he makes by his pleading and upon no other. Provines v. Wilder, 87 Mo. App. 162; Haynes v. Town of Trenton, 108 Mo. 123. (3) For a conductor or a ticket agent to advise a person desiring to be carried over appellant's line of road that he or she could ride on its train without a ticket or the payment of fare, is not only an act inconsistent with the nature of this agent's duty to sell tickets, but directly opposed to the obvious purpose of his employment, and outside of the scope of his apparent authority. Church v. Railway, 6 S. Dakota, 235, 60 N. W. 854; Gerady v. Railway, 102 N. Y. Sup. 548; Pittsburg Railway v. Nuzem, 60 Ind. 533; O'Donnell v. Railway, 197 Mo. 110. (4) Mere intention to become a passenger does not make one a passenger beyond the point to which he pays his fare or buys his ticket. Raming v. Railway, 157 Mo. 477; Corum v. Railway, 113 Mo. App. 631.

*Brewster, Ferrell & Mayer* for respondent.

BROADDUS, P. J.—This is a suit by a passenger to recover damages for injury alleged to have been sustained by reason of the alleged negligence of the carrier.

In his petition plaintiff alleges that on the 25th day of May, 1909, he entered defendant's passenger

train at St. Joseph, for the purpose of being transported to Weatherby Crossing; that he paid his fare from the initial to the terminal point mentioned, to the conductor and that thereby it became the defendant's duty as a common carrier of passengers to safely transfer him to his destination; and that when he entered the train and paid his fare he was assured by the agents and servants of defendant operating the same that it would stop at Weatherby Crossing, so that plaintiff could safely alight therefrom. That when the train arrived at said crossing it was stopped and plaintiff was notified by defendant's agents in charge of it to alight; that he thereupon attempted to do so, but while he was upon the steps of one of the passenger cars, in the act of alighting, and before he had reasonable time to do so, the defendant's agents in charge of the train negligently and carelessly caused the same to suddenly start forward with a violent jerk, whereby he was thrown off and injured.

The plaintiff's evidence showed that before he entered the defendant's train at St. Joseph, he had purchased a ticket from the ticket agent for transportation over defendant's railroad from St. Joseph to Weatherby for which he paid the usual fare; that the seller of the ticket told him that he could catch a train which he desired to take on the O. K. line at Weatherby Crossing, and would have eleven minutes to do so, but that the company did not sell tickets to Weatherby Crossing; that after he got on the train when the conductor came around to take it up he told him there would be plenty of time to make the connection, and that when he took up the check before arriving at Weatherby he said to a companion of plaintiff, "You get off here at Weatherby," and to plaintiff "You get off at the crossing;" that when the train slowed down for the crossing the plaintiff was told by the brakeman that they were stopping and that he had better get off; and that plaintiff caught up his bags and went to the platform of the car, and

while the train was standing still attempted to alight, when suddenly it was started forward and he was thrown to the ground, the fall breaking a small bone in his leg and spraining his ankle.

The plaintiff was a traveling salesman and there was evidence that it was the custom for passengers and especially traveling salesmen to leave the defendant's train at said crossing to make connection with the O. K. train. It appears that the train arrived at the station of Weatherby before it reached the crossing a short distance further on.

The plaintiff recovered judgment and defendant appealed.

The contention of defendant is that the plaintiff under the contract was not a passenger on defendant's train beyond Weatherby Station, and that because of that fact there was a fatal variance between the allegation of the petition and the proof. If the ticket plaintiff bought constitutes the contract for his passage over defendant's railroad there might be some reason in support of defendant's position. But it is held that a railroad ticket for transportation over a railroad from one point to another, paid for at the full or regular ordinary rate, is not a contract within itself, but a mere token or evidence of a contract which the law creates and which lies behind the ticket. [Boling v. Railroad, 189 Mo. 219; Leyser v. Railroad, 138 Mo. App. 34; and Truel v. Railroad, *ante*, 380.]

The evidence sufficiently shows that while defendant did not sell tickets to Weatherby Crossing, and was so told by the agent who sold him the ticket to Weatherby, he was told at the same time he would be carried to the crossing and allowed to alight there, and he was permitted by the conductor to continue on his journey as a passenger until he reached said crossing without exacting additional fare. He was on the train and recognized as a passenger with the right to continue as such for the fare he had paid until he should reach the

crossing. The defendant relies on O'Donnell v. Ry. Co., 197 Mo. 110, which relates to an alleged contract between a would-be passenger and the brakeman of the train, the court holding that a contract for transportation of a passenger must be made with the company, that is, with the agent of the company authorized to make such contracts, for instance the agent who sells the tickets or the conductor of the train on which the passage is sought.

But it is contended that the ticket agent had no authority to make a contract of carriage to Weatherby Crossing, it not being a station. If such is true then there was no one in authority present who could enter into such a contract. In making the contract of carriage the ticket agent was the corporation. "The agent who said the ticket was *pro hac vice* the corporation in performing the act." Also, "and the corporation—this legal entity—was present, aboard the train in the person of the conductor." [McGinnis v. Ry. Co., 21 Mo. App. 399.]

The defendant complains of the action of the court in refusing its instruction five and in not giving two, three and six as asked and in modifying them.

Instruction 5 reads as follows:

"The court instructs the jury that the defendant was under no obligation to stop its train at the railroad crossing in question for the purpose of allowing passengers to alight therefrom in the absence of a contract to stop for that purpose, and if you find from the evidence that plaintiff was riding on the train from Weatherby to the Crossing without payment of fare, then he took the risk of alighting safely even though you may further believe from the evidence that the servants and agents of defendant permitted him to ride without payment of fare."

The defendant by this instruction tendered an issue outside of the pleadings, *viz.,* his right to recover in

the absence of a contract for carriage. Besides it omitted the element of notice to the defendant's servants that plaintiff intended to alight at the crossing. Whether plaintiff had or had not a contract for passage to the crossing the defendant owed him due care as he was still a passenger. [Dorsey v. Ry. Co., 83 Mo. App. 528; Anderson v. Ry. Co., 196 Mo. 442.]

Instruction 2, as asked, reads as follows:

"The court instructs the jury that if you believe from the evidence that plaintiff purchased a ticket from St. Joseph to Weatherby but remained on the train and did not get off at Weatherby, and you further find from the evidence that plaintiff did not communicate his intention to get off at the railroad crossing mentioned in the evidence to the conductor, and you further find from the evidence that the conductor did not know plaintiff intended to leave train at the time he did leave, then your verdict must be for defendant."

Instruction 2, as modified, reads as follows:

"The court instructs the jury that if you believe from the evidence that plaintiff purchased a ticket from St. Joseph to Weatherby but remained on the train and did not get off at Weatherby, and you further find from the evidence that plaintiff did not communicate his intention to get off at the railroad crossing mentioned in evidence to the defendant's servants, and you further find from the evidence that such servant did not know plaintiff intended to leave the train at the time he did leave, then your verdict must be for the defendant."

There is no substantial difference. The most apparent difference is the words "servants" is used instead of "conductor" in the one asked. The former included the latter. And the modification in instruction 3 is substantially similar. Instruction 6 was properly refused as asked for the same reason given for the action of the court in refusing instruction 5.

If there should exist any doubt as to whether plaintiff was permitted to recover outside of the allegations

of his petition, there can be no doubt but what the error in that respect was waived by the act of defendant in tendering the issue raised, by its said instructions 5 and 6, upon which plaintiff was entitled to recover on a preponderance of the evidence.

We are of the opinion that the plaintiff's proof that he paid the fare to the ticket seller for carriage to Weatherby Crossing, and the allegation in his petition that he paid it to the conductor was not a substantial variance between the *allegata et probata.* The gravamen of the charge is that he paid his fare to defendant for the service and it was not very material whether it was to the one or the other. But had the variance in fact worked a surprise to the defendant it should have made an affidavit to that effect and asked the court for time to meet the unexpected issue. Having failed to do this the defendant is not in a condition to complain. [Sec. 655, R. S. 1899.]

For the reason given the cause is affirmed. All concur.